**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEFFREY BRINK,**

        **Plaintiff,**

-vs-                              **Case No. 6:07-cv-922-Orl-19KRS**
                                     **Consolidated with: 6:07-cv-1183-Orl-19DAB**

**ALL PRO PAINTING ICR, INC., ALL**
**PRO PAINTING ICR, LLC, CHRIS G.**
**BIRCHFIELD and CHRIS E.**
**BIRCHFIELD,**

        **Defendants.**

## ORDER

      This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq*. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. This case has been referred to me by the presiding district judge to determine whether the settlement is fair. Doc. No. 55.

      The Court generally will not approve a settlement agreement unless it is filed in the public record. *See Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003). The Court will not grant a voluntary dismissal unless the essential terms of the payment made to the plaintiff are disclosed and the Court is advised of the reason that the plaintiff compromised his claim under the FLSA, if there was a compromise.

Accordingly, it is **ORDERED** that on or before May 12, 2008, the parties shall file the settlement agreement or a motion requesting a fairness finding setting forth the information described above. Thereafter, I will schedule a fairness hearing, if one is necessary.

**DONE** and **ORDERED** in Orlando, Florida on April 28, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties